**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **ELCOMMERCE.COM, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| **SAP AG, and SAP AMERICA, INC.** | § | **Civil Action No. 2:07-cv-383-TJW** |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |

## COMPLAINT

This is a patent infringement action. elcommerce.com, inc. ("elcommerce") sues SAP AG and SAP America, Inc. (collectively, "SAP") for infringement of U.S. Patent No. 6,947,903 in violation of 35 U.S.C. §271.

## PARTIES

1. elcommerce is a Delaware corporation with its principal place of business at 95 Elm Street, Holliston, Massachusetts 01746. elcommerce was formed by the '903 inventor, Brian M. Perry, and others experienced in supply chain management ("SCM") for the purpose of providing SCM solutions and services.

2. SAP AG is a German corporation with its corporate headquarters and principal place of business at Dietmar-Hopp-Allee 16, Waldorf, Germany 69190.

3. SAP America, Inc. ("SAP US") is a Delaware corporation with its principal place of business at 3999 West Chester Pike, Newton Square, Pennsylvania 19703.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because this is a patent infringement action.

5. SAP US is qualified to do business in Texas, Filing No. 91850006, and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

6. SAP US has transacted business in this district and on information and belief, committed direct and indirect acts of patent infringement in this district.

7. This Court has personal jurisdiction over SAP US and venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because of SAP US' contacts within this District.

8. SAP AG has transacted business in the United States and on information and belief, committed direct and indirect acts of infringement in the United States, including Texas. SAP AG has appointed Brad Brubaker, c/o SAP America, Inc. at 3999 West Chester Pike, Newtown Square, PA 19073, as an agent for service within the United States.

9. This Court has personal jurisdiction over SAP AG and venue is proper under 28 U.S.C. §§ 1391(d) in this District because SAP AG is an alien corporation and because of its contacts with Texas and the United States.

## INFRINGEMENT OF THE '903 PATENT

10. On August 6, 1999, Brian M. Perry filed a provisional application for U.S. Patent No. 6,947,903. On April 7, 2000, Mr. Perry converted the provisional. On May 19, 2000, Mr.

Perry assigned the application to elcommerce. On September 20, 2005, the '903 Patent was duly and legally issued to elcommerce.

11. SAP AG is in the business of making and selling products and services including but not limited to the SAP Netweaver and SCM programs that on information and belief infringe the '903 Patent in violation of 35 U.S.C. §271(a).

12. SAP US is in the business of making and selling products and services including but not limited to the SAP Netweaver and SCM programs that on information and belief infringe the '903 Patent in violation of 35 U.S.C. §271(a).

13. SAP AG has been and still is infringing the '903 Patent by inducing others to infringe in violation of 35 U.S.C. §271(b).

14. SAP US has been and still is infringing the '903 Patent by inducing others to infringe in violation of 35 U.S.C. §271(b).

15. SAP's past and continued direct infringement and inducing infringement of the '903 patent has damaged elcommerce, entitling elcommerce to damages adequate to compensate for the infringement but no less than a reasonable royalty.

## WILLFUL INFRINGEMENT

16. elcommerce incorporates all preceding paragraphs.

17. Since at least as early as August 2006, SAP has known of the '903 Patent.

18. Since at least as early as August 2006, SAP knew that elcommerce believed that SAP was using the '903 Patent.

19. By late September 2006, SAP had analyzed the ‘903 patent.

20. After analyzing the ‘903 Patent, SAP expressed a substantial interest in acquiring rights to the ‘903 patent but would not engage in negotiations until elcommerce waived willful infringement and agreed that no negotiations would be in writing.

21. elcommerce did not agree to SAP’s willful infringement condition so no negotiations were conducted.

22. Since at least as early as September 2006 SAP on information and belief acted recklessly by continuing its infringing conduct.

23. elcommerce has been forced to retain counsel to enforce its rights because of SAP’s actions.

24. SAP’s willful infringement makes this an exceptional case pursuant to 35 U.S.C. § 285.

25. As a result of SAP’s willful infringement, elcommerce seeks enhanced damages pursuant to 35 U.S.C. § 284 and reasonable attorneys’ fees incurred in bringing this action pursuant to 35 U.S.C. §285.

## PERMANENT INJUNCTION -- 35 U.S.C. § 283

26. elcommerce incorporates all preceding paragraphs.

27. In addition to monetary damages, elcommerce seeks a permanent injunction to prevent Defendants’ continued infringement of elcommerce’s patents.

28. Because of SAP’s infringement, elcommerce has suffered and will continue to suffer irreparable injury, for which the remedies available at law provide inadequate compensation.

Defendants' infringement thus warrants a remedy in equity and such remedy will not disserve the public interest.

29. Unless enjoined, Defendants will continue to infringe and induce infringement of the '903 Patent.

## RELIEF

elcommerce requests that the Court:

(a) Enter judgment that SAP US and SAP AG infringed the '903 Patent in violation of 35 U.S.C. §271(a);

(b) Enter judgment that SAP US and SAP AG induced infringement of the '903 Patent in violation of 35 U.S.C. §271(b);

(c) Permanently enjoin SAP US and SAP AG from further infringement of the '903 patent pursuant to 35 U.S.C. § 283;

(d) Award elcommerce damages in an amount adequate to compensate for SAP's infringement pursuant to 35 U.S.C. § 284;

(e) Increase damages up to three times for SAP's willful infringement pursuant to 35 U.S.C. § 284;

(g) Award elcommerce reasonable attorneys' fees for SAP's willful infringement pursuant to 35 U.S.C. § 285;

(h) Award elcommerce the costs and expenses incurred in this action;

(i) Award elcommerce pre- and post-judgment interest at the maximum allowable rate under the law; and

(h) Grant other and further appropriate relief.

**DEMAND FOR TRIAL BY JURY**

30. elcommerce demands a trial by jury.

Respectfully submitted,

By: */s/ Christopher R. Benson*
Christopher R. Benson
Lead Attorney
Texas State Bar No. 02164020
cbenson@fulbright.com
**FULBRIGHT & JAWORSKI LLP**
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel.: (512) 536-5201
Fax: 512.536.4598

Brett C. Govett
Texas State Bar No. 08235900
bgovett@fulbright.com
J. Jeffery Richardson
Texas State Bar No. 16864450
jrichardson@fulbright.com
**FULBRIGHT & JAWORSKI LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Tel.: (214) 855-8000
Fax: (214) 855-8200

Richard S. Zembek
Texas State Bar No. 00797726
rzembek@fulbright.com
**FULBRIGHT & JAWORSKI LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Tel.: (713) 651 5151
Fax: (713) 651 5246

COUNSEL FOR ELCOMMERCE.COM, INC.