**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ELCOMMERCE.COM, INC.,** ) | |
| ) | **Civil Action No. 2:07-cv-383-CE** |
| **Plaintiff,** ) | |
| ) | **JURY** |
| **v.** ) | |
| ) | |
| **SAP AG, and SAP AMERICA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' MOTION TO COMPEL ELCOMMERCE**
**TO RESPOND TO DEFENDANTS' INTERROGATORY NO. 1**

Eight months ago, SAP propounded an interrogatory requesting that elcommerce "identify any individual elements and steps of any of the claims of the patent-in-suit that were not present in the prior art."[1] Despite many months of delays, elcommerce still has not answered this interrogatory. SAP respectfully requests that this Court Order elcommerce to fully respond to this interrogatory by identifying all elements or steps of the asserted claims not present in the references provided by SAP in its invalidity contentions.

**I.    Background**

elcommerce sued SAP for infringement of U.S. Patent No. 6,947,903.[2] SAP believes that the patent-in-suit is invalid.[3] Indeed, elcommerce essentially established the invalidity of its patent by contending that SAP's Netweaver product used in combination with SAP's SCM product infringes.[4] As shown in SAP's invalidity contentions, earlier versions of those same

---

[1] Campbell Declaration in support of Defendants' Motion to Compel elcommerce To Respond To Defendants' Interrogatory No. 1 ("Campbell Decl."), Ex. 1, p. 4.
[2] Dkt. No. 1.
[3] Dkt. No. 18.
[4] Campbell Decl. Ex. 2, p.1-2; Ex. 3, p.1.

products (or their predecessors) contained the same accused functionality and were sold in the U.S. well more than a year before the priority date of the patent-in-suit, rendering the patent-in-suit invalid under 35 U.S.C. § 102(b).[5] Moreover, the USPTO recently determined in response to a reexamination request that numerous other prior art references raise substantial new questions of patentability as to all asserted claims.[6]

In light of this prior art, SAP sought discovery from elcommerce as to how it could possibly contend that its patent is valid. On August 15, 2008, SAP served a contention interrogatory asking elcommerce to "identify any individual elements and steps of any of the claims of the patent-in-suit that were not present in the prior art."[7]

After two extensions of the due date,[8] elcommerce served its responses on October 6. The two-paragraph response to interrogatory No. 1 objected that the interrogatory was premature and merely referred to the notice of allowability in the file history of the patent-in-suit and SAP's ownership of unrelated patents in this field, without actually answering the interrogatory.[9]

Because this response was deficient, SAP requested that elcommerce supplement its response.[10] The parties exchanged letters and informally met and conferred but were unable to reach an agreement.[11] Later, in a formal meet and confer with lead and local counsel, elcommerce agreed to supplement with a full response to this interrogatory one month after SAP served its invalidity contentions, that is, elcommerce agreed to provide a complete response to

---

[5] Campbell Decl. Ex. 4, p. 4; Ex. 5, pp. 1-8.
[6] Campbell Decl. Ex. 6.
[7] Campbell Decl. Ex. 1, p. 4.
[8] Campbell Decl. Ex. 7, Ex. 8.
[9] Campbell Decl. Ex. 9, p. 2.
[10] Campbell Decl. Ex. 10 (showing that elcommerce's premature objection is not allowed by P.R. 2-5 and that response is not a full response as required by Fed. R. Civ. P. 33(b)(3)).
[11] Campbell Decl. Ex. 11, Ex. 12, Ex. 13, and Campbell Decl. ¶14.

SAP's interrogatory by March 6.[12]

But after receiving SAP's invalidity contentions, elcommerce asserted that the contentions were deficient and elcommerce could not respond within the agreed timeframe.[13] After conferring, SAP provided additional information regarding the invalidity of the patent-in-suit on March 3 and agreed to provide supplemental invalidity contentions to address elcommerce's concerns about obviousness.[14] Importantly, in that March 3 letter, SAP also narrowed interrogatory no. 1 so that elcommerce needed only to explain what elements are missing from each individual reference without addressing obviousness combinations in any way,[15] thus mooting elcommerce's sole complaint about SAP's prior art contentions.

After all the extensions and delays,[16] on May 1, twelve weeks after SAP served its invalidity contentions and eight weeks after supplementations were promised, elcommerce supplemented its response to interrogatory no. 1.[17] But despite the additional time, the supplemental response does not include any more substantive information responsive to the interrogatory than elcommerce's original response. The first paragraph incorporates the original responses. The second paragraph repeats the "premature" objections and complaints about SAP's invalidity contentions, despite SAP's narrowing of this interrogatory to remove obviousness from the scope of the interrogatory. The third and fourth paragraphs do nothing

---

[12] Campbell Decl. Ex. 14. Those supplemental contentions were served on May 22. *See* Dkt. No. 66.
[13] Campbell Decl. Ex. 15.
[14] Campbell Decl. Ex. 16, p. 1.
[15] *Id.* at pp. 1-2.
[16] Two weeks after the date elcommerce had unconditionally agreed to supplement its response, elcommerce's lead counsel suffered a serious hand injury, and SAP of course obliged all requested extensions to accommodate the situation. Campbell Decl. Ex. 17 [3/24 Campbell email].
[17] Campbell Decl. Ex. 18, pp. 1-3.

more than quote portions of the file history of the patent-in-suit. And the fifth and final paragraph repeats that SAP owns unrelated patents in the field. The response still fails to identify what claim elements elcommerce alleges are missing from any of the prior art references cited in SAP's invalidity contentions.

After one more meet and confer with lead and local counsel, the parties were still unable to resolve the impasse.[18] SAP now asks this Court to Order elcommerce to provide a full and complete response to this interrogatory as narrowed by SAP's March 3 letter.

## II.     elcommerce must provide substantive responses to SAP interrogatories

Fed. R. Civ. P. 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The interrogatory at issue, as narrowed by SAP's March 3 letter, asks elcommerce to explain which elements of the claims of the patent-in-suit it contends are lacking from the prior art references cited by SAP. Such an interrogatory is directly related to SAP's invalidity defense and is therefore proper.

elcommerce must answer contention interrogatories, like this one, fully and completely. Fed. R. Civ. P. 33(a)(2) allows contention interrogatories for any matter that may be inquired into under Fed. R. Civ. P. 26(b) like this interrogatory. Moreover, Fed. R. Civ. P. 33(b)(1)(3) requires that each interrogatory be answered fully. Thus, it is not enough for elcommerce to simply state that the patent office found the claims to be allowable or that SAP also owns patents in this field. Instead elcommerce must answer this interrogatory fully, by identifying each element it claims is lacking from the prior art references identified by SAP.

This interrogatory is not barred by P.R. 2-5. To the contrary, P.R. 2-5 provides: "except as provided in this paragraph or as otherwise ordered, *it shall not be a legitimate ground for*

---

[18] Campbell Decl. Ex. 19.

*objecting to an opposing party's discovery request ... that the discovery request or disclosure requirement is premature* in light of, or otherwise conflicts with, these Patent Rules."[19]  P.R. 2-5 provides only four exceptions to the general rule.  The only requests that may be objected to as premature are requests seeking: (a) either party's claim construction positions, (b) the patentee's infringement contentions, (c) the accused infringer's invalidity contentions, or (d) any opinions of counsel that the accused infringer intends to rely on.[20]  elcommerce has claimed it is protected from this general rule by P.R. 2-5(c), which allows premature objections for "requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art."  But P.R. 2-5 provides no shelter for elcommerce because SAP—not elcommerce—is the "accused infringer."

*Caritas Techs. Inc. v. Comcast Corp.*, No. 2:05-CV-339, 2006 US Dist. LEXIS 94879 (E.D.Tex. 2006) is instructive.  There, plaintiff patentee Caritas propounded interrogatories on defendant Comcast, requesting the basis for Comcast's contention that it did not infringe.  Comcast objected under P.R. 2-5, claiming that the interrogatory was premature.  The Court overruled this objection, finding that P.R. 2-5 provided no exemption for interrogatories asking the defendant for its noninfringement contentions.  The situation is the same here, only with respect to invalidity rather than infringement.  As in *Caritas*, P.R. 2-5 provides no protection from such contention interrogatories.

elcommerce's objection that a response is premature until SAP supplements its invalidity contentions with regard to obviousness is irrelevant.  As narrowed by SAP's March 3 letter, this

---

[19] P.R. 2-5 (emphasis added).
[20] P.R. 2-5.

interrogatory has nothing to do with obviousness.[21]  Rather, elcommerce need only indentify which elements are missing from each reference cited in SAP's invalidity contentions. elcommerce has been aware of the eleven references on the face of the patent since before it filed suit in 2007, the six references cited in the reexam at least since the reexam was filed in October 2008, and the remaining references since at least February 6, 2009, when SAP filed its invalidity contentions.  Yet elcommerce has not identified a single missing element from a single reference in the eight months this interrogatory has been pending.

The local patent rules provide only four bases upon which a party is entitled to avoid answering an interrogatory as premature, and this is not one of them.  As such, elcommerce was *required* to answer this interrogatory fully nearly eight months ago, and its failure to do so was a violation of this Court's Local Rules.

### III.     Conclusion

For the foregoing reasons, SAP requests that this Court Order elcommerce to fully answer SAP's interrogatory no. 1.


Respectfully submitted,


Date:  May 29, 2009                                        By:   */s/ Kevin A. Keeling*

                                                                                   Floyd R. Nation,
                                                                                   Texas Bar No. 14819500
                                                                                  nationf@howrey.com
                                                                                  Kevin A. Keeling
                                                                                  Texas Bar No. 24060075
                                                                                  keelingk@howrey.com

---

[21] That said, SAP will supplement its contentions, in view of this Court's guidance in *Saffran v. Johnson and Johnson, et al.*, No. 2:07 CV 0451, Order, (E.D. Tex. filed Feb. 24, 2009) (order attached as Ex. 20 to Campbell Decl.).

        **Howrey, LLP**
1111 Louisiana Street
25th Floor
Houston, TX 77002-5242
Telephone: (713) 787-1400
Facsimile: (713) 787-1440

Of Counsel:

J. Michael Jakes
mike.jakes@finnegan.com
Michael A. Morin
michael.morin@finnegan.com
**Finnegan, Henderson, Farabow, Garrett**
  **& Dunner, LLP**
901 New York Ave.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jeffrey A. Berkowitz
jeffrey.berkowitz@finnegan.com
**Finnegan, Henderson, Farabow, Garrett**
  **& Dunner, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
Telephone:  (571) 203-2700
Facsimile:  (202) 408-4400

*Attorneys for Defendants SAP AG*
  *and SAP America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 29, 2009. Any other counsel of record will be served by facsimile transmission and first class mail.

                                                                                                       */s/ Kevin A. Keeling*

**CERTIFICATE OF CONFERENCE**

I hereby certify that lead and local counsel for Defendants have complied with the meet and confer requirements of Local Rule CV-7(h) by conferring with lead and local opposing counsel in a good faith attempt to resolve this matter without court intervention on both January 27, 2009, and May 6, 2009, and have been unable to resolve their impasse and therefore Defendants are bringing this opposed motion to the Court. In each conference the participants representing SAP were Mike Jakes, lead counsel, Kevin Keeling, local counsel, Mike Morin and Louis Campbell and the participants representing elcommerce were Chris Benson and John Schneider. The parties were unable to reach an agreement because they disagree upon whether a full response to this interrogatory is due at this time and the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

    Date: May 29, 2009                              */s/ J. Michael Jakes*
                                                                J. Michael Jakes

    Date: May 29, 2009                              */s/ Kevin A. Keeling*
                                                                Kevin A. Keeling