**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ELCOMMERCE.COM, INC.,** ) | |
| ) | **Civil Action No. 2:07-cv-383-CE** |
| **Plaintiff,** ) | |
| ) | **JURY** |
| v. ) | |
| ) | |
| **SAP AG, and SAP AMERICA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
ELCOMMERCE TO RESPOND TO DEFENDANTS' INTERROGATORY NO. 1**

While elcommerce accuses SAP of jumping the gun with this motion, nothing could be further from the truth.  elcommerce's response to Interrogatory No. 1 was due **eight months ago**, and SAP still has not received a substantive response.  SAP first engaged elcommerce on this issue last year, and has tried on many occasions over those eight months to resolve this dispute without involving the Court, all to no avail.

To be clear, SAP's position has always been, and continues to be, that elcommerce's "prematureness" objections were never proper, even before SAP served its original and supplemental Invalidity Contentions.  Indeed, this Court's Local Patent Rules specifically state that there are only four situations in which a party may refuse to answer an interrogatory as premature, and this is not one of them. See P.R. 2-5, SAP opening brief at 5-6.[1]  Moreover, this interrogatory does *not* require elcommerce to address or consider SAP's obviousness arguments,

---

[1] Contrary to elcommerce's assertion, *Caritas* is on point.  There, the defendant was ordered to answer an interrogatory regarding its basis for noninfringement, an issue on which it did not have the burden of proof. *Caritas Technologies, Inc. v. Comcast Corp.*, No. 2:05-CV-339, 2006 U.S. Dist. LEXIS 94879 (E.D.Tex. Feb. 9, 2006) at *18-*21.  This Court found that the interrogatory was not premature. *Id.*  That is the situation here, with the only distinction being that the parties/contentions are reversed (plaintiff/validity instead of defendant/noninfringement).

but rather only to identify which claimed elements are missing from the prior art. See Campbell Decl. Ex. 16, p. 1-2.  As such, elcommerce's discussion about the *Saffron* case and complaints about the sufficiency of SAP's Invalidity Contentions are a red herring.  The interrogatory could and should have been answered in a timely fashion.

Likewise, elcommerce's complaints about SAP's alleged failure to properly meet and confer and the so-called "ultimatum" lack merit.  SAP did not give elcommerce "two days" to comply with its discovery obligations; it gave elcommerce eight months, during which time SAP wrote numerous letters to elcommerce and met and conferred on multiple occasions.  Nothing worked.

Perhaps most tellingly, elcommerce still has not supplemented its response, despite that its sole justification for delay—the alleged insufficiency of SAP's Invalidity Contentions—evaporated more than a month ago (on May 22, 2009), when SAP served its Supplemental Invalidity Contentions, in full compliance with the letter and spirit of *Saffron*.  This despite that, at the mediation conference, SAP specifically told elcommerce that it would withdraw its motion when and if elcommerce provided a full and complete response to the interrogatory.  If elcommerce intended to provide a full and complete response, it would have simply done so rather than regurgitating excuses for delay (apparently for the purposes of further delay).  At this point, it is questionable whether elcommerce will ever provide a meaningful response, absent Court order.

Equally unavailing is elcommerce's claim that it has already answered this interrogatory.  Simply providing any old answer does not suffice, elcommerce must provide a *full and complete* answer. See Fed. R. Civ. P. 33(b)(1)(3), SAP opening brief at 4.  elcommerce's responses thus far have been insufficient because it merely cites to the patent's file history, rather than

identifying any claim element elcommerce contends is missing from the prior art references cited by SAP—most of which were not before the PTO during initial examination of the asserted patent.

Lastly, elcommerce claims ignorance of SAP's contentions, but this is incorrect. elcommerce has actually had several opportunities where it has received notice of relevant prior art, yet chose not to supplement.  elcommerce could have supplemented its response, but did not, on October 3, 2008, when a request for reexamination of the patent-in-suit was filed, or on November 25, 2008, when the PTO found there was a substantial new question of patentability affecting all of the asserted claims of the patent-in-suit, or on February 6, 2009, when SAP served its invalidity contentions.

For the foregoing reasons, SAP requests that this Court order elcommerce to provide a full and complete answer SAP's Interrogatory No. 1 without further delay.

Respectfully submitted,

Date:  June 23, 2009                                  By:   */s/ Kevin A. Keeling*

                                    Floyd R. Nation,
                                    Texas Bar No. 14819500
                                    nationf@howrey.com
                                    Kevin A. Keeling
                                    Texas Bar No. 24060075
                                    keelingk@howrey.com
                                    **Howrey, LLP**
                                    1111 Louisiana Street
                                    25th Floor
                                    Houston, TX 77002-5242
                                    Telephone: (713) 787-1400
                                    Facsimile: (713) 787-1440

Of Counsel:

J. Michael Jakes
mike.jakes@finnegan.com
Michael A. Morin
michael.morin@finnegan.com
**Finnegan, Henderson, Farabow, Garrett**
  **& Dunner, LLP**
901 New York Ave.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jeffrey A. Berkowitz
jeffrey.berkowitz@finnegan.com
**Finnegan, Henderson, Farabow, Garrett**
  **& Dunner, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675
Telephone:  (571) 203-2700
Facsimile:  (202) 408-4400

*Attorneys for Defendants SAP AG*
  *and SAP America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 23, 2009. Any other counsel of record will be served by facsimile transmission and first class mail.

＿*/s/ Kevin A. Keeling*＿